UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E.A. and A.A., minors by and
through their parents, Robert and
Cydia Allor,

    Plaintiffs,

v.

SOUTHGATE COMMUNITY
SCHOOLS BOARD OF
EDUCATION, et al.,

    Defendants.

_____/

Case No. 21-12315

HON. DENISE PAGE HOOD

**ORDER DENYING PLAINTIFFS' MOTION FOR A
TEMPORARY RESTRAINING ORDER [ECF No. 2]**

This matter is before the Court on *pro se* Plaintiffs' Motion For A Temporary Restraining Order (ECF No. 2), wherein Plaintiffs ask the Court to enjoin Defendants from continued implementation and enforcement of a mask mandate. *Id.* at PageID.168. For the reasons stated below, the Motion is denied.

### I. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

    (1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

    (2)    whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

    (3)    whether the issuance of a preliminary injunction will not cause

      substantial harm to third parties; and

  (4)    whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. FINDINGS OF THE COURT

The Court has reviewed the Plaintiffs' Motion, which consists of eight pages. There is no supporting brief, and Plaintiffs do not cite any authority or case law, except with respect to subject matter jurisdiction, which Plaintiffs correctly assert that this Court has.

Plaintiffs ask the Court to enjoin Defendant because Plaintiffs believe that continued use of the masks can cause them irreparable harm. Plaintiffs argue that the mask mandate subjects them to "an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrergenic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase." *Id.* at PageID.169.

Plaintiffs assert that everyday use of the required masks may also have other possible side effects or potential hazards. *Id.*

The Court finds that Plaintiffs have not satisfied their burden. Plaintiffs have not demonstrated that they are likely to prevail on the merits of the relief they seek in the Motion. The Court finds that Plaintiffs have failed to establish a likelihood that they will establish that Defendants acted illegally or without authority; certainly, Plaintiffs have not established that any injunctive relief should issue absent an opportunity for Defendants to be heard. Although Plaintiffs' allegations may serve as a basis for a finding of irreparable harm if they are supported and Defendants do not submit more persuasive evidence to the contrary, the Court finds that the Plaintiffs have not sufficiently established irreparable harm at this point. Plaintiffs also fail to address the issue of posting security, which is required by Federal Rule of Civil Procedure 65(c). For the reasons stated above, the Court concludes that the Motion must be denied with respect to Plaintiffs request for a temporary restraining order.

Plaintiffs also asks that the Court issue an order to show cause to Defendants why a preliminary injunction should not issue, though the Motion is not titled as such. The Court concludes that the Motion for Temporary Restraining Order, particularly because it has been filed by *pro se* Plaintiffs, should also be treated as a motion for preliminary injunction. The Court will order Defendants to file a response to the Motion for Temporary Restraining Order within 14 days of being properly served with: (1) a Summons and Complaint; and (2) the Motion for Temporary Restraining Order. Plaintiffs shall notify the Court when such service has been properly

3

effectuated, and the Court will schedule a hearing on the motion for preliminary injunction upon receipt of such notice.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion For A Temporary Restraining Order (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that Defendants shall file a response to the Motion for Temporary Restraining Order within 14 days of being properly served with: (1) a copy of the Summons and Complaint; and (2) the Motion for Temporary Restraining Order.

IT IS FURTHER ORDERED that Plaintiffs shall notify the Court when such service has been properly effectuated, and the Court will schedule a hearing on the motion for preliminary injunction upon receipt of such notice.

IT IS SO ORDERED.

Date: October 1, 2021

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE